**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DANIEL SHEEHAN,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:05-CV-1318-K |
| ) | |
| **STATE OF TEXAS,** ) | |
| Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Before the Court for consideration are Plaintiff Daniel Sheehan's complaint and motions for leave to proceed *in forma pauperis* (IFP) and for appointment of counsel, filed on June 27, 2005. Also before the Court is Plaintiff's Supplemental Affidavit in support of his IFP request filed on July 14, 2005.

Plaintiff is currently a resident of Longview, Texas. His full name is Daniel John Sheehan. (See Plaintiff's motion for appointment of counsel and attachment to his Affidavit in Support).[1]

Although the Prisoner Litigation Reform Act (PLRA) does not apply to this case, since

---

[1] It appears that Plaintiff filed the complaint in this district, rather than in the Eastern District of Texas in which he resides due to the many frivolous actions he previously filed in the latter district.

Plaintiff is no longer confined as a prisoner, he has previously filed more than forty cases in federal courts within the State of Texas, many of which were filed while he was an inmate. See Attachment I.[2]

As a result of the frivolous nature of his civil rights action, Plaintiff was repeatedly denied leave to proceed without the payment of the required filing fee pursuant to the "three-strike provision" in those actions commenced while he was a confined person. See 28 U.S.C. § 1915(g); Daniel John Sheehan v. Bozarth, No. 98-50972 (5th Cir. June 16, 1999) (unpublished per curiam) (Attachment II); Daniel Sheehan v. Woods, et al., 1:03cv0889 (E.D. Tex., Beaumont Div., Sep. 29, 2003) (Attachment III). In addition the Southern District of Texas found that he had abused the judicial system and imposed a monetary sanction. Sheehan v. Gilbert, et al., H-98-2996 (S.D. Tex., Houston Div., Order filed on Aug. 17, 1999) (No. 4:98cv2996, as reflected on the U.S. Party/Case Index) (Attachment IV).[3] Finally the Fifth Circuit has warned Plaintiff of possible sanctions to which he may be subject for filing vexatious, abusive actions.

Notwithstanding the fact that the PLRA does not apply, this court has the inherent authority to ensure that the process of the court is not abused. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45, 111 S.Ct. 2123, 2132-33, 115 L.Ed.2d 27 (1991); Toon v. Wackenhut Corrections Corp., 250 F.3d 950, 952 (5th Cir.2001). Moreover, federal courts in Texas honor sanctions imposed by another federal court in Texas against a prisoner litigant. See MISC.

---

[2] The actions which Plaintiff filed while incarcerated where submitted under prisoner numbers 426771 and 238161, and/or SID number 10028573.

[3] The sanction order provided that "[u]ntil [Plaintiff] pays all sanctions assessed against him and unless he receives specific permission from a judicial officer, Sheehan may file no more civil actions as a pauper in this court." Sheehan, H-98-2996.

2

ORDER 48 (N.D. Tex.); <u>Balawajder v. Scott</u>, 160 F.3d 1066, 1067 (5th Cir. 1999) (upholding dismissal of action by district court for Southern District of Texas, based on a sanction order imposed by Western District of Texas).[4]  The proper administration of justice requires that courts apply the above rules to prisoner and nonprisoner litigants alike.  <u>See</u> <u>Moody v. Behjoo</u>, 3:04mc107-H (N.D. Tex., Dallas Div., Jan. 25, 2005) (adopting findings and conclusions and recommendation of the magistrate judge filed on January 11, 2005) (denying non-prisoner litigant's motion for leave file complaint because of failure to satisfy court-imposed sanctions, including monetary and leave-to-file requirement, received in the Fifth Circuit Court of Appeals and Eastern and Southern Districts while a prisoner); <u>see also</u> <u>Holden v. Simpson Paper Co.</u>, 2002 WL 31115137, *1 (5th Cir. 2002) (unpublished per curiam) (affirming dismissal of action because of plaintiff's repeated refusal to comply with district court's orders to pay costs assessed against her in a prior lawsuit against the same defendant).

In light of Plaintiff's lengthy and notorious history of filing frivolous lawsuits in the federal courts, his request to proceed *in forma pauperis* in this case should be denied.

Alternatively, in light of the fact that Plaintiff has began receiving Social Security benefits in the amount of $884.00 per month, and has a current checking and savings account balances totaling $388.00 (<u>see</u> Plaintiff's affidavit filed on July 14, 2005, at 2-3), the court should find that he is not a person entitled to proceed without payment of the $250.00 filing fee.

---

[4]   Miscellaneous Order 48 provides that courts in the Northern District of Texas must "observe and enforce sanctions imposed by another federal court in Texas involving Texas Department of Criminal Justice inmates who file pleadings in this District, unless the sanctioned inmate establishes a change in circumstances or otherwise demonstrates that enforcing such previously imposed sanctions would be unjust."

RECOMMENDATION:

    For the foregoing reasons, it is recommended that the District Court deny Plaintiff's motion for leave to proceed *in forma pauperis*.

    It is further recommended that the District Court dismiss this action without prejudice unless Plaintiff tenders the $250.00 filing fee to the District Clerk within ten (10) days of the date on which the District Court's order denying his motion to proceed *in forma pauperis* is filed.

    A copy of this recommendation will be mailed to Plaintiff.

    Signed this 17th day of August, 2005.

                                      WM F. SANDERSON, JR.
                                      UNITED STATES MAGISTRATE JUDGE

NOTICE

    In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.